■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE HORNE, Appellant.

On August 10, 1983, the defendant and an unidentified man approached the complainants Norberto DeJesus and Paula Perez on the street. The defendant grabbed DeJesus around

the neck, a struggle ensued, and the defendant then fired three shots at DeJesus, one of which struck him in the neck. As DeJesus fell to the ground, he observed the defendant's grinning face; the defendant then fled.

About two weeks after the shooting, DeJesus, while a passenger in his parents' car, recognized the defendant on the street, followed him to a building, and again had an opportunity to observe him. Once DeJesus was certain, he notified the police who arrested the defendant. At trial, DeJesus was the sole witness who testified concerning the defendant's identity.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

While the defendant contends that the testimony of the prosecution witness DeJesus was not credible, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness (see, People v Gaimari, 176 NY 84, 94). The jury's determination that he was a credible witness should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

Lastly, we find that the defendant has failed to demonstrate that he was deprived of his right to the effective assistance of counsel (see, People v Baldi, 54 NY2d 137). Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.